UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MEREDITH WARNER**                                                     CIVIL ACTION NO.

**VERSUS**                                                                        23-1323-JWD-EWD

**USAA INSURANCE AGENCY, INC.**

**<u>NOTICE AND ORDER</u>**

This is a civil action, filed by Plaintiff Meredith Warner, alleging claims of property damage caused by the "winds and rain from Hurricane Ida."[1] Plaintiff claims that she had a policy of insurance with Defendant USAA Insurance Agency, Inc. and that Defendant has failed to adequately compensate her for the damages.[2] Defendant removed the case to this Court on September 19, 2023, alleging subject matter jurisdiction under 28 U.S.C. 1332.[3] Regarding the citizenship of the parties, Plaintiff is adequately alleged to be domiciled in, and a citizen of, Louisiana,[4] and Defendant is adequately alleged to be a Texas corporation with its principal place of business in Texas.[5]

Although the parties are completely diverse, Defendant has not adequately established that the amount in controversy is met. The Notice of Removal relies on the Petition's general allegations that Plaintiff's property suffered "massive" damage and damage to contents, that Defendant underreported and underpaid Plaintiff's claim, and that Plaintiff seeks damages and statutory penalties. Plaintiff's general allegations in the Petition of "massive damage," and demands for general categories of damages (*e.g.*, breach of contract, bad faith, and negligent misrepresentation) are insufficient to establish the amount in controversy. "Courts have routinely

---

[1] R. Doc. 1-1.
[2] R. Doc. 1-1, ¶¶ 2-10.
[3] R. Doc. 1, ¶ 6.
[4] R. Doc. 1, ¶ 7.
[5] R. Doc. 1, ¶ 9.

held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[6]

The Notice of Removal also relies on the total amount of coverage under the applicable insurance policy.[7] However, the Petition does not allege a particular amount of damages.[8] It is unclear what amount(s) Plaintiff claims are owed under the policy.[9] It is also unclear what, if anything, Defendant paid on Plaintiff's claim under the policy, which information is necessary to determine amount in controversy.[10] Defendant will be ordered to provide evidence in support of

---

[6] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases. The Plaintiff's failure to include an allegation that the federal jurisdictional amount is lacking is also insufficient. *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (noting: "…all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration, it is not, in and of itself, determinative of the amount in controversy. A finding that the failure to include the '893' allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).").

[7] R. Doc. 1, ¶¶ 12-13.

[8] *See, generally*, R. Doc. 1-1.

[9] In this case, the relevant information to determine the amount in controversy is the amount of damages sought by Plaintiff, less any amounts already paid under the policy. A determination of the amount in controversy cannot be made here based solely on information about the policy limits because there is no indication that Plaintiff is demanding full policy limits. *See Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150, at *3 (M.D. La. Mar. 25, 2009) ("It is the actual value of [the plaintiff's] claimed damages that is relevant to the amount in controversy determination, not his 'potential recovery' based upon the alleged value of the underlying insurance policy.") (citation omitted); *Chapman v. Essex Ins. Co.*, No.:12-520, 2013 WL 12137884, at *5 (E.D. Tex. Apr. 4, 2013) ("The policy itself is unhelpful in this instance because the value of the underlying claim, not the policy limit, determines the amount in controversy.") (citations omitted); and *Jiminez v. Allstate Vehicle & Prop. Ins. Co.,* No. 20-6, 2020 WL 6123136, at *2 (W.D. Tex. Feb. 24, 2020) (denying remand and holding that a demand for covered property damage, plus statutory penalties and attorney's fees was sufficient to establish AIC). Even a pre-removal settlement demand for "policy limits" is insufficient to establish amount in controversy if there is no evidence that the plaintiff was aware of the limits at the time of the demand. *See, e.g., Taylor v. Old Republic Ins. Co.,* No. 21-369, 2022 WL 264887, at *6 (M.D. La. Jan. 6, 2022), report and recommendation adopted, No. 21-369, 2022 WL 264540 (M.D. La. Jan. 27, 2022) (holding that a settlement demand recommending settlement for an unspecified amount of policy limits was insufficient to establish the amount in controversy, and holding: "A careful reading of the Demand shows (1) that neither Plaintiff nor her counsel knew the limits of the policy at issue when making the 'policy-limits' demand, and (2) that the Demand is not actually a demand for a specific amount in excess of jurisdictional threshold.").

[10] Arguments of counsel are not evidence. If the amount in controversy is not facially apparent, a removing defendant must submit summary judgment-type evidence to establish amount in controversy by a preponderance of the evidence. *See, Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted)).

the amount in controversy, including but not limited to, damage estimates, adjuster/expert reports, and demands from Plaintiff, if available.[11]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[12]

Accordingly,

**IT IS ORDERED** that, on or before **October 20, 2023,** Defendant USAA Insurance Agency, Inc. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, including but not limited to, evidence of damage estimates, adjuster/expert reports, and/or demands from Plaintiff.

**IT IS FURTHER ORDERED** that, on or before **November 3, 2023,** Plaintiff Meredith Warner shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendant has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.[13]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, October 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Requests for jurisdictional discovery regarding the amount in controversy are generally denied by this Court as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), *report and recommendation adopted sub nom., Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019). The parties are required to obtain sufficient evidence regarding amount in controversy prior to removal.
[12] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[13] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring **Plaintiff's** position on whether Defendant has established jurisdiction, the parties cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).