UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MEREDITH WARNER                             CIVIL ACTION NO.

VERSUS                                          23-1323-JWD-EWD

USAA INSURANCE AGENCY, INC.

**RULING AND ORDER**

In this insurance coverage dispute, because the correct parties are not completely diverse, and there is no other basis for the Court's subject matter jurisdiction, the case will be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

USAA Insurance Agency, Inc. ("USAA Insurance Agency") removed this case from state court on September 19, 2023, asserting subject matter jurisdiction under 28 U.S.C. § 1332.[1] The Notice of Removal adequately alleged complete diversity between the parties based on the allegations that Plaintiff Meredith Warner is a citizen of Louisiana and USAA Insurance Agency is a citizen of Texas.[2]

Shortly after removal, USAA Insurance Agency filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), arguing that United Services Automobile Association, rather than USAA Insurance Agency, issued the insurance policy at issue to Plaintiff.[3] In response, Plaintiff filed a First Supplemental and Amending Petition for Damages ("Amended Complaint") that replaced USAA Insurance Agency with United Services Automobile Association as a defendant.[4] Plaintiff then sought remand based on lack of subject matter jurisdiction, because United Services

---

[1] R. Doc. 1, ¶ 6.
[2] R. Doc. 1, ¶¶ 7, 9. The Court *sua sponte* raised the question of whether USAA Insurance Agency had established the requisite amount in controversy. R. Doc. 8. As the proper parties in this case are not diverse, this issue is not reached.
[3] R. Doc. 9.
[4] R. Doc. 12. The insurance policy USAA Insurance Agency attached to the Notice of Removal states that the insurer is "United Services Automobile Association," therefore, it appears that USAA Insurance Agency was aware it was not the proper defendant when the case was removed. R. Doc. 1-2, p. 1.

Automobile Association is a reciprocal insurance exchange that has Louisiana members, such that it is not diverse from Plaintiff.[5] The Court held a telephone conference with counsel on November 2, 2023 to discuss the Motion to Remand and subject matter jurisdiction. The parties were advised at that time that, in its current posture, the Court lacks subject matter jurisdiction.[6]

Subject matter jurisdiction is generally determined at the time the suit is filed.[7] Most post-removal developments will not divest the court of jurisdiction.[8] However, the addition of a nondiverse defendant will.[9] Remand to state court is appropriate if there is a lack of subject matter jurisdiction.[10]

Under Fed. R. Civ. P. 15(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b), (e), or (f). Here, Plaintiff filed her Amended Complaint the day after USAA Insurance Agency, Inc. filed its 12(b)(6) Motion to Dismiss—an amendment of right under Rule 15(a)(1)(B).[11]

A federal court may exercise subject matter jurisdiction pursuant to diversity of citizenship over an action only "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[12] "Complete diversity of citizenship is a statutorily mandated rule that is almost as old as the Republic itself."[13] If the parties are not

---

[5] R. Doc. 15.
[6] R. Doc. 19.
[7] *Hensgens v. Deere & Co*., 833 F.2d 1179, 1180 (5th Cir. 1987) (citation omitted).
[8] *Id*., citing *IMFC Professional Services of Florida v. Latin American Home Health, Inc*., 676 F.2d 152, 157 (5th Cir. 1982).
[9] *Hensgens*, 833 F.2d at 1181 (citation omitted).
[10] *Id*.
[11] USAA Insurance Agency, Inc.'s argument that Plaintiff was required to seek leave of Court to amend in this case lacks merit. *See* R. Doc. 19, pp. 2-3. The statutory provision relied on, 28 U.S.C. § 1447(e), provides that a court may deny joinder, or permit joinder, and remand the action to the State court if, after removal, the plaintiff seeks to join *additional* defendants whose joinder would destroy subject matter jurisdiction. In this case, Plaintiff replaced the sole defendant, USAA Insurance Agency, with a different entity, United Services Automobile Association, to correct the name of the proper defendant. Thus, this is not a *Hensgens*-type situation where the original diverse defendant remains a party to the suit, requiring the Court consider the original defendant's interest in the choice of forum when deciding whether to permit amendment.
[12] 28 U.S.C. § 1332(a)(1).
[13] *Hensgens*, 833 F.2d at 1180 (citation omitted).

2

completely diverse, and no other basis for jurisdiction exists, the Court may not exercise subject matter jurisdiction over a proceeding.[14] Regardless of whether a non-diverse party is joined after removal under Fed. R. Civ. P. 19, or substituted for another party under Fed. R. Civ. P. 15, once a party is properly present in the action, diversity is destroyed and subject matter jurisdiction is extinguished.[15] Because the Plaintiff in this case filed an Amended Complaint that substituted non-diverse party, United Services Automobile Association, in place of diverse party, USAA Insurance Agency, Inc., the amendment destroyed diversity and the Court must remand the case.[16] Because the Court *sua sponte* remands this case for lack of subject matter jurisdiction, it is not necessary to reach the issues raised in the Motion to Remand, filed by Plaintiff Meredith Warner.[17] Accordingly,

**IT IS ORDERED** that this matter be **REMANDED,** *sua sponte*, to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this matter on the Court's docket.

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, March 11th, 2024.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] *Herrero v. Sears, Roebuck and Co*., No. 15-2162, 2015 WL 6159141, at *4 (E.D. La. Oct. 20, 2015).
[15] *See Herrero*, 2015 WL 6159141, at *5, citing *Doleac ex rel. Doleac v. Michalson* 264 F.3d 470, 475 (5th Cir. 2001); *Wells v. Medtronic, Inc*., 171 F.Supp.3d 493, 512 (E.D. La. March 21, 2016), also citing *Doleac*. This Court has previously noted that United Services Automobile Association has members in all fifty states is considered a considered a citizen of each for diversity purposes. *See e.g., Legier v. Bufkin*, No. 23-136, 2023 WL 3432140, at n. 11 (M.D. La. April 26, 2023) (collecting cases).
[16] *See* 28 U.S.C. § 1447(c).
[17] R. Doc. 15.

3